UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ANTHONY CAUDLE,

          Plaintiff,

-against-

MADISON GLOBAL GROUP, LLC and
NEAL McCABE,

          Defendants,

------------------------------------------------------X

11 CIV 8727

**COMPLAINT**

**JURY TRIAL REQUESTED**

      Plaintiff Anthony Caudle, by his attorneys, Cary Kane LLP, complaining of Defendants, alleges:

## NATURE OF ACTION

      1.     Plaintiff brings this action to recover unpaid wages due from his employment with defendants. Defendants failed to pay plaintiff any compensation at all during his entire period of employment. When plaintiff objected to defendants' failure to pay him his wages, he was terminated by defendants. Plaintiff therefore seeks declaratory, monetary and injunctive relief for breach of contract and for violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and the New York State Labor Law, Law, N.Y. Lab. L. §§ 190 et seq; §§ 650 et seq. ("NYSLL" or "N.Y. Labor Law").

## JURISDICTION AND VENUE

      2.     Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

      3.     Jurisdiction of this Court over plaintiffs' NYSLL claims is invoked pursuant to N.Y. Labor Law §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related

to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution. Jurisdiction is also invoked pursuant to 29 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants maintain their principal place of business in, do business in, and have designated an address located in this District for service of process and, accordingly, reside in this District. Venue is further proper within this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred within this district.

## PARTIES

5. Plaintiff Anthony Caudle is a resident of Oakland County in the state of Michigan.

6. Defendant Madison Global Group, LLC ("Madison Global") is a Limited Liability Company organized under the laws of the State of Delaware and with its principal place of business in New York County in the State of New York

7. Defendant Neal McCabe is an individual doing business in New York and the principal member of Madison Global. At all relevant times, McCabe had control over the employment practices of Madison Global and was responsible for the employment practices herein. McCabe is therefore an "employer" within the definition of 29 U.S.C. § 203(d) and N.Y. Labor Law §§ 190, 651.

## FACTUAL ALLEGATIONS

8. Defendant Madison Global was founded in or around 2009 by Defendant McCabe as a financial services firm.

9. In February of 2011, defendants recruited plaintiff, who had a highly successful career as an investment banker at Comerica Securities in Detroit Michigan, to work for defendants. Defendants specifically offered plaintiff the opportunity to establish a minority run Asset Management and Investment Bank.

10. Also in February of 2011, while discussing the terms of plaintiff's employment, plaintiff asked defendant McCabe whether Madison Global was sufficiently funded to pay him a salary competitive with what he was earning at Comerica. McCabe ensured him that Madison Global had sufficient funding, and further stated that none of his companies had ever missed payroll and that Madison Global would never miss payroll.

11. The above statements were false, as Madison Global did not have sufficient assets to pay a salary to plaintiff. Upon information and belief, other employees of Madison Global had resigned before plaintiff commenced employment due to the fact that they did not receive their promised wages.

12. Based on the representations by defendants, plaintiff agreed to commence employment with defendants and leave his employment at Comerica Securities, where he was earning approximately $1,000,000.00 per year.

13. On or around February 10, 2011 plaintiffs and defendants signed a contract setting forth the terms of employment under which Plaintiff would work for Defendants.

14. Plaintiff entered the contract of employment based on the representation of defendants set forth in paragraphs "10."

15. Pursuant to the contract of employment, plaintiff was guaranteed a base salary of $750,000 per year. $325,000 of plaintiff's base salary was to be paid in cash with the remainder to accrue and be payable when Madison Global was fully funded.

16. The contract of employment also provided that plaintiff would receive bonuses "based on corporate milestones and performance." Defendant McCabe represented to plaintiff that said bonus would range between $1,000,000.00 and $2,000,000.00.

17. On or about April 18, 2011, plaintiff commenced employment with defendants.

18. During the entire period of plaintiff's employment with defendants, plaintiff's performance was either satisfactory or more satisfactory.

19. During the entire period of plaintiff's employment with defendants, defendants failed to pay plaintiff any compensation whatsoever.

20. Plaintiff repeatedly objected to defendants' failure to pay any compensation. On at least eleven occasions, plaintiff sent defendants correspondence via e-mail objecting to the failure to pay him any wages and demanding that defendants pay him his salary as per the contract and as required by law.

21. In response to plaintiff's demand to be paid his wages, defendants acknowledged that they had failed to pay plaintiff his agreed upon salary, but did not take any action to remedy this failure, other than to say that plaintiff would be paid at some unspecified future date.

22. On September 2, 2011, in reply to another demand by plaintiff to pay him his earned wages, defendants notified plaintiff that his employment was terminated effective August 31, 2011.

23. Upon information and belief, the sole reason defendant's terminated plaintiff's employment was due to his objections to defendants' failure to pay him any wages whatsoever.

## AS AND FOR A FIRST CLAIM

### (Breach of Contract)

24. Plaintiff repeats and realleges paragraphs "1" through "23" as if set forth fully herein.

25. Defendants failed to pay plaintiff any compensation as guaranteed by the contract of employment between the parties.

26. Upon termination of plaintiff's employment, plaintiff was entitled to recover all base salary that had accrued under the terms of the employment agreement.

27. In addition, plaintiff is entitled to recover at least the minimum bonus amount promised to him by defendant McCabe.

28. By failing to pay him the amounts owed to him under the terms of the employment agreement between the parties, defendants have breached their contract with plaintiff.

## AS AND FOR A SECOND CLAIM

### New York State Labor Law – Frequency of Payments

29. Plaintiffs repeat and reallege the allegations in paragraphs "1" through "28" as if set forth fully herein.

30. Although hired in the title of "Managing Director," plaintiff performed no executive, administrative or professional functions in his position, and primarily worked as a consultant and deal-maker on behalf of Madison Global.

31. Plaintiff was therefore a "Clerical or other worker" as defined in New York State Labor Law § 190(6).

32. Pursuant to New York State Labor Law §191, defendants were required to pay plaintiff his wages no less than semi-monthly.

33. By failing to pay plaintiff his wages, defendants have violated Section §191 of the New York State Labor Law.

34. Upon information and belief, defendants did not have a good faith basis for believing that their conduct was in compliance with the law, within the meaning of NYSLL §198.

### AS AND FOR A THIRD CLAIM

**New York State Labor Law – Unlawful Deduction From Wages**

35. Plaintiffs repeat and reallege the allegations in paragraphs "1" through "34" as if set forth fully herein.

36. Pursuant to New York State Labor Law §193, defendants were prohibited from making any deduction from wages due to plaintiff.

37. By withholding plaintiff's paychecks and refusing to pay him any compensation, defendants have violated Section §193 of the New York State Labor Law.

38. Upon information and belief, defendants did not have a good faith basis for believing that their conduct was in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A FOURTH CLAIM

### FLSA – Failure To Pay Minimum Wage

39. Plaintiff repeats and realleges the allegations in paragraphs "1" through "38" as if set forth fully herein.

40. At all relevant times, plaintiffs was an employee engaged in commerce or was employed in an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 206(a).

41. By failing to pay plaintiff any wage whatsoever, defendants failed to pay plaintiffs the required minimum wage as set forth in 29 U.S.C. §206.

42. Defendants, by the above acts, have violated 29 U.S.C. § 206.

43. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

## AS AND FOR A FIFTH CLAIM

### FLSA – Failure To Pay Overtime

44. Plaintiff repeats and realleges the allegations in paragraphs "1" through "43" as if set forth fully herein.

45. Plaintiff regularly worked in excess of over forty hours per week.

46. For all hours worked in excess of forty per week, plaintiff is entitled to payment of one and a half times the minimum rate of wage pursuant to 29 U.S.C. §207.

47. Defendants, by the above acts, have violated 29 U.S.C. §207.

48. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. §255(a).

## AS AND FOR A SIXTH CLAIM

### NYSLL – Failure To Pay Minimum Wage

49.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "48" as if set forth fully herein.

50.     By failing to pay plaintiff any wage whatsoever, defendants failed to pay plaintiffs the required minimum wage as set forth in N.Y. Labor Law § 652 and 12 NYCRR § 141-3.1.

51.     Defendants, by the above acts, have violated N.Y. Labor Law § 652 and 12 NYCRR § 141-3.1.

52.     Upon information and belief, defendants did not have a good faith basis for believing that their conduct was in compliance with the law, within the meaning of NYSLL § 663.

## AS AND FOR A SEVENTH CLAIM

### NYSLL – Failure To Pay Overtime

53.     Plaintiffs repeats and realleges the allegations in paragraphs "1" through "52" as if set forth fully herein.

54.     Plaintiff regularly worked in excess of over forty hours per week.

55.     For all hours worked in excess of forty per week, plaintiff is entitled to payment of one and a half times the minimum rate of wage pursuant to N.Y. Labor Law § 652 and 12 NYCRR §§ 141-3.2.

56.     Defendants, by the above acts, have violated N.Y. Labor Law § 652 and 12 NYCRR §§ 141-3.2.

57. Upon information and belief, defendants did not have a good faith basis for believing that their conduct was in compliance with the law, within the meaning of NYSLL § 663.

## AS AND FOR AN EIGHTH CLAIM

### Fraud

58. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "57" as if set forth fully herein.

59. Defendants falsely represented to plaintiff that Madison Global had assets sufficient to pay his salary, and, upon information and belief, that it and other companies ran by defendant McCabe had not ever missed payroll.

60. At the time such statements were made, defendants knew these statements were false, and made such statements with the intent of inducing plaintiff to leave his position at Comerica.

61. Plaintiff relied upon such statements in deciding to sign the contract of employment with Madison and in commencing employment with Madison.

62. As a result of reliance upon defendant's false statements, defendant has suffered damages in the amount of the income he lost from Comerica when he left that position to commence employment at Madison Global.

## AS AND FOR A NINTH CLAIM

### Unlawful Retaliation – New York State Labor Law

63.     Plaintiff restates and realleges the allegations in paragraphs "1" through "62" as if set forth fully herein.

64.     Defendants' termination of plaintiff's employment was in retaliation for his complaints to defendants' concerning its failure to pay his wages as required by New York Law.

65.     Defendants, through the aforementioned actions, have unlawfully retaliated against plaintiff in violation of Section 215 of the New York State Labor Law.

66.     Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages unless the and until this Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a)     declaring that defendants are in breach of their contract with plaintiffs;

(b)     declaring that the conduct complained of herein is in violation of the Fair Labor Standards Act and the New York State Labor Law;

(c)     awarding plaintiff all wages owed pursuant to his employment agreement with defendants;

(d)     awarding plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(e)     awarding plaintiff an additional amount of liquidated damages as provided for in N.Y. Labor Law §§ 198, 663;

(f) awarding plaintiff damages for all losses suffered by defendants' fraud, including but not limited to the monetary losses suffered from leaving his prior employment, compensatory damages, and punitive damages;

(g) awarding plaintiff all lost wages and benefits, plus compensatory and punitive damages as a result of defendants' unlawful retaliation against plaintiff; and

(h) granting such other and further relief as this Court deems necessary and proper;

Dated: New York, New York
       November 30, 2011

                                  Respectfully submitted,
                                  CARY KANE LLP
                                  Attorneys for Plaintiff

By: *[signature]*
Joshua Parkhurst (JP5022)
1350 Broadway, Suite 1400
New York, NY 10018
(212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.