**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTHONY CAUDLE,

                         Plaintiff,

           v.

MADISON GLOBAL GROUP, LLC and NEAL
MCCABE,

                     Defendants.

**AFFIDAVIT PURSUANT TO**
**LOCAL CIVIL RULE 1.4**

11-CV-8727

(AJN)

        **TARA EYER DAUB,** declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        1.      I am a member of the firm Nixon Peabody LLP, attorneys for defendants Madison Global Group, LLC ("Madison Global") and Neal McCabe ("McCabe") (collectively, "Defendants"). As such, I am fully familiar with the facts and circumstances relevant to this matter.

        2.      This affidavit is submitted in support of an application, made pursuant to Local Civil Rule 1.4 and Disciplinary Rule 2-110(C)(1)(f) of the New York State Code of Professional Responsibility, for permission to withdraw as counsel for Defendants.

        3.      Our firm was retained by defendant in or around January 2012 to provide representation in connection with the defense of this action.

        4.      Following a request for pre-motion conference, on March 14, 2012, this Firm filed a motion to dismiss the complaint in part.

        5.      On or about June 11, 2012, we understand that the Company issued a letter to investors and others indicating that it had minimal assets and large liabilities, was discontinuing operations, and had vacated its offices.

14070641.1

6.      On July 9, 2012, the Court issued its decision on the Defendants' motion to dismiss, which granted the motion in part and denied the motion in part.

7.      As a result of the Court's decision, Defendants must file an Answer with affirmative defenses and any counterclaims on or before July 23, 2012.

8.      The Court has ordered the parties to submit a case management plan by July 25, 2012, in advance of the initial conference scheduled for August 2, 2012.  Discovery has not yet commenced.

9.      This Firm has not been paid for its services, with the exception of an initial retainer payment upon being engaged and is owed a substantial amount for legal fees.  As of today, Defendants have not paid fees and disbursements in excess of $85,000 that are owed to Nixon Peabody with respect to this matter, as well as additional amounts on other matters.  All such fees and disbursements were timely billed on a monthly basis. Defendants have made numerous and repeated requests for payment of outstanding invoices over the past several months, but have not received payment.  Given the company's financial status, it does not appear that Defendants are in a position to pay for this Firm's legal services.

10.     On July 10, 2012, in light of the impending deadline for filing an answer and any counterclaims on July 23, 2012, and the need to undertake significant work in proceeding with the litigation, this Firm notified Defendants that we would request to withdraw as counsel if our outstanding invoices on this matter were not paid by July 12, 2012, and that they would need to obtain new counsel.  To date, this Firm has received no payment on its outstanding invoices.

11.     "[F]ailure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw."  Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. June 1, 2010); see New York Rules of Professional Conduct, Rule 1.16(c)(5); see also Boucher v. Sears, 1995

- 2 -

U.S. Dist. LEXIS 6505, *44 (N.D.N.Y. May 8, 1995) ("a client's failure to pay attorney's fees is a valid reason for granting a motion to withdraw"); Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, *2 (S.D.N.Y. July 18, 1997) ("[i]t is well settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw").

12.     Nixon Peabody's withdrawal at this juncture will not have a material adverse effect on Defendants and will not prejudice Defendants' interests.  The parties have yet to appear for an initial conference and no discovery schedule has been set.

13.     In order that the rights of the Defendants are in no way prejudiced, we request that the Court permit Defendants to obtain new counsel within sixty (60) days of the Court Order permitting Nixon Peabody to withdraw as counsel in this matter.  Further, so as to preclude any resulting prejudice to either party, it is requested that all current deadlines in this matter, including, but not limited to, the date for Defendants to file their Answer and any counterclaims, be stayed pending further order of the Court.  Defendants also request that the August 2, 2012 initial conference be rescheduled for a date after the sixty (60) day period.

14.     We understand that Defendant McCabe is presently caring for a family member with a serious medical condition.  For this reason as well, we ask that the Court grant the Defendants the requested period of sixty (60) days to obtain new counsel.

15.     We have contacted Plaintiff's counsel in connection with these requests. Plaintiff's counsel does not object to our request for a sixty (60) day period for Defendants to locate new counsel, including adjournment of the August 2, 2012 initial conference date.

16.     For the convenience of the Court, a proposed Order for Permission to Withdraw as counsel is submitted herewith.

17.     No prior application has been made for the relief sought herein.

- 3 -

14070641.1

**WHEREFORE**, it is respectfully requested that this Court grant this motion to withdraw in its entirety, and permit Nixon Peabody LLP to withdraw as counsel for Defendants in this proceeding and order such other relief as requested herein.

/s/  Tara Eyer Daub
_____
Tara Eyer Daub (TE-7943)

14070641.1